**Ralph BRESHEARS, Respondent,**

v.

**MALAN OIL COMPANY and Federated Mutual Insurance Company, Appellants.**

**No. WD 35117.**

Missouri Court of Appeals, Western District.

May 22, 1984.

James T. Bellamy, Marshall, for appellants.

Rose Anne Nespica, Blue Springs, for respondent.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

KENNEDY, Judge.

This is an appeal by employer and insurer from a Labor and Industrial Commission award of workers' compensation to claimant Ralph Breshears. The award was based upon an injury to claimant's shoulder incurred in an accident arising out of and in the course of his employment. The disability was determined by the Commission to be permanent and partial to the extent of 50 percent of the left arm at the shoulder level, § 287.190, RSMo Supp.1982. The

amount to which claimant was entitled was $12,110.40.

We affirm the award.

■ The insurer complains that the referee erred in refusing to continue the hearing on the claim, and in refusing to require an examination of claimant by an independent physician appointed by the Commission as authorized by § 287.210, RSMo Cum.Supp.1983. The insurer requested the continuance, and the examination by a physician appointed by the Commission, on the ground that the claimant had not submitted to a medical examination requested by the insurer.

The hearing was held on November 18, 1982. The hearing date had been set at a pre-hearing conference on August 10, at which time counsel for the insurer advised the referee that they were awaiting a final rating from Dr. Frank, the treating physician. Dr. Frank's final medical report was dated September 21, 1982, and rated the claimant's disability at 50 percent of the left arm at the shoulder level. This rating was exactly the same as that of Dr. Jelley, who had examined the claimant on claimant's behalf.

The insurer says here that Dr. Frank was actually the employee's physician. That contention was first made at the November 18 hearing in connection with the insurer's application for the continuance and the examination by a Commission appointed physician. We can find no support for it in the record. At the time of claimant's injury, the employer had made the appointment with Dr. Frank and had taken claimant to the doctor's office. The insurer had paid his fees and expenses and had never requested claimant to go to any other physician for treatment. Only after receiving Dr. Frank's report of September 21, 1982, did the insurer request an additional examination by a doctor from the Columbia Orthopedic Group at Columbia, Missouri. Claimant refused to submit to that examination.

We hold that there was no abuse of discretion on the part of the referee in refusing to grant a continuance, or in refusing to appoint a physician for another examination on the claimant. Insurer did not ask any other sanction provided by Section 287.210(1) for a claimant's refusal to submit to a medical examination.

The insurer cites two cases which it claims support its position. The first is *Springett v. St. Louis Independent Packing Company*, 431 S.W.2d 698 (Mo.App. 1968). That case simply applies Section 287.210(3), which provides that a physician may not testify whose written report has not been made available to the opposing party. The second case is *Reece v. St. Joseph Lead Company*, 465 S.W.2d 849 (Mo.App.1971), where the report of a physician appointed by the Commission under § 287.210(2), RSMo Cum.Supp.1982, was held not entitled to admission into evidence because it had not previously been made available to all the parties. (The report was first seen by the employee when he received notice of a final award denying compensation. The report, which supported the denial of compensation, was attached to the award.) The court held that "reasonable access" to such report included by implication the right of the parties to "an opportunity to take proper action to test the validity of the report." *Id.* at 852.

These cases do not help the insurer. They deal with the testimony and reports of adverse medical witnesses. Dr. Frank, however, was not an adverse medical witness. He was the treating physician whom the referee quite rightly decided was the insurer's, a physician of the insurer's selection.

The insurer's first point is denied.

■ The insurer then says that there was no substantial competent evidence to support the award, § 287.495, RSMo Cum. Supp.1983. This point is without merit.

That the accident arose out of and in the course of claimant's employment was not disputed. Dr. Jelley, claimant's examining physician, testified by deposition that claimant's permanent partial disability was 50 percent of the left arm at the shoulder

level. The insurer's argument here is that Dr. Jelley's opinion should not have been admitted, because it was based upon hypothesized facts not in evidence. The facts not in evidence were the contents of two records—a record of Bothwell Hospital in Sedalia, Missouri, and another physician's record of his examination of the claimant—which were offered by the claimant but which were not admitted. However, Dr. Jelley was asked by claimant's counsel (after counsel for the insurer had objected to the answer to the hypothetical question) to base his opinion solely upon his own examination, without considering any hypothetical question or set of facts. This question was not objected to, and Dr. Jelley's answer was the same as it had been in response to the objected-to hypothetical.

There was clearly substantial and competent evidence to support the Commission's award to the claimant.

■ Respondent claimant has filed a motion for damages for frivolous appeal, Rule 84.19. Damages for frivolous appeal are awarded with the greatest caution. The court must not chill appeals of even slight or colorable merit. The presence even of some slight merit bespeaks good faith on the part of the appellant. *Doran, Inc. v. James A. Green, Jr. & Co.*, 654 S.W.2d 106, 110–11 (Mo.App.1983). We are unable to say that this appeal is so devoid of merit as to convict appellant of bad faith. The motion is denied.

Claimant has filed here a "motion to compel bond or in the alternative for judgment upon which execution may issue." The theory of the motion is that § 287.495, RSMo Cum.Supp.1983, which provides for the appeal on a workers' compensation award directly to the Court of Appeals, bypassing the circuit court, somehow has left him without a procedure for the collection of the award if the insurer does not voluntarily pay the same. However, we do not see that the changed appeal procedure in any way affects the procedure set up by § 287.500, RSMo 1978, by which a workers' compensation award may be reduced to

judgment. See *Vaughn v. County of Mississippi*, 590 S.W.2d 688 (Mo.App.1979).

Award affirmed.

All concur.