**Alice MOSS, Appellant,**

v.

**Willie J. MOSS and Belle Moss, and Peggy Pendleton, Respondents.**

**No. WD 37034.**

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Rehearing Denied March 27, 1986.

Roger M. Baron, Tuscumbia, for appellant.

Gary Clifford, Osage Beach, for respondents.

Before CLARK, C.J., and DIXON and TURNAGE, JJ.

CLARK, Chief Judge.

Alice Moss, appellant here, brought a three count petition against Willie J. Moss and Belle Moss, brother and sister-in-law of Alice's deceased husband, Walter, and against Peggy Pendleton, the daughter of Willie and Belle. The first count of the petition sought to quiet Alice's title to a tract of rural land in Miller County as against unspecified claims of interest asserted by Willie and Belle. The trial court entered judgment on the first count only, designated that disposition a final judgment under Rule 81.06 and Alice brings this appeal.

The controversy culminating in this suit originates in a deed given in 1951 by respondents to appellant and her husband, Walter. The property conveyed by the deed was described in the instrument in the following language:

"The Northeast part of the Northeast quarter of the Southwest quarter. Also about 10 acres in the Southeast quarter of the Northwest quarter; commencing at the Northeast corner of land owned by P.O. Lee and running east along and with the branch and is intended to run through the center of a pond as now located." (Section 34, Township 39, Range 12).

According to Alice's petition, Willie and Belle were claiming some right, title or interest in the property and she sought a judgment quieting her title against the claims of Willie and Belle. As the evidence at trial enlarged upon the pleaded allegations, it developed that the title claim asserted by Willie and Belle had taken the form of a deed executed in 1982 whereby Willie and Belle undertook to convey to themselves, ostensibly for the purpose of creating joint tenancies with survivorship rights, various lands including the tract deeded by them to Alice and Walter in 1951. The description so used differed from that of the 1951 deed, but there has been an assumption, which we also indulge, that the 1982 deed description undertook to describe all of the property formerly conveyed to Walter and Alice in 1951, as well as other land.

Willie and Belle appear to have conceded as the case progressed that they had no

claim to ownership of any of the land conveyed to Alice and her then husband by the 1951 deed. The controversy, as a product of the inadequate legal description in the 1951 deed, was in locating on the ground the property which the 1951 deed was intended to convey. Specifically, the dispute was as to the north property line. The area in question was identified by a survey map introduced in evidence as plaintiff's exhibit 3, reproduced in part as follows:

Willie and Belle appear to have conceded by their evidence that they have no claim to any of the ground lying south of the line on the above survey which bisects the pond and follows the fence constructed in 1952. To the extent the land described in the 1982 deed includes land south of that line, the description was at best in error and constitutes a cloud on Alice's title which she is entitled to have removed. So far as this record shows, that aspect of a quiet title claim was never disputed. The viable controversy was only as to the location of the north boundary line as intended by the inadequate 1951 deed description.

The survey map above was drawn according to Alice's instruction and includes a strip of land in the nature of a "dog-leg" following the line of an old fence to eventual juncture with the county road. Willie and Belle contend the corridor to the county road was not intended to be included in the 1951 deed and instead, the north boundary was a projection of the 1952 fence line easterly to meet the east quarter quarter section line. The contest posed in Count I of Alice's petition and the general denial of Willie and Belle's answer was as to the

location on the ground of the 1951 deed description.

After hearing evidence on this count severed for disposition[1], the trial court entered a decree which reflected resolution of the boundary dispute in favor of Willie and Belle. The decree took the form of a declaration of titles ruling that Alice was the owner in fee simple absolute of a tract which the judgment described by metes and bounds and, at the same time, declaring the ownership of Willie and Belle to be in fee simple absolute to another tract also described in the judgment. By the legal descriptions used in the decree, the effect of the adjudication was to deny Alice's claim to the corridor of land between the old fence and the quarter section line and to fashion the north line of Alice's property by projecting the east-west line running through the pond to the quarter section line.

On this appeal, Alice contends the trial court erred in fixing the property lines from the description in the 1951 deed as it did because, in so doing, the court decided the case contrary to the greater weight of the evidence presented to show the intent of the parties when the deed was made. In this respect of the case, Alice says the court did not give appropriate evidentiary value to proof of where the fences were located, to the deposition testimony by Willie that he made no claim to the disputed tract[2] and to the computation of acreage which fell short of the "about 10 acres" when the disputed area is excluded.

This point of asserted error requires first that we ascertain what elements of proof were necessary to support plaintiff's action in quiet title. This follows because the weight of the evidence can only be measured as it bears on those facts material to the theory upon which plaintiff relies in her claim for relief. This analysis leads at once to the conclusion that the remedy of quiet title and the judgment which the court entered are inappropriate to this case.

A suit to quiet title is a special statutory action to adjudge the respective estates, titles and interests of several claimants to land. *LaPresto v. LaPresto,* 308 S.W.2d 724, 726 (Mo.1957). In order to prevail in a quiet title action, it is not necessary that plaintiff establish an indefeasible title against the whole world, but only that its title is good as against the defendants. *Gillenwaters Building Company v. Lipscomb,* 482 S.W.2d 409, 413 (Mo.1972). Plaintiffs in a quiet title suit must succeed on the strength of their own title and if they fail to prove, prima facie, that they hold record title, their cause must fail. *Baugh v. Grigsby,* 286 S.W.2d 798, 800 (Mo.1956). In a quiet title suit, it is not necessary that there be any evidence to support a defendant's verdict. *Curtis v. Curtis,* 427 S.W.2d 410, 412 (Mo.1968).

In the present case, it appears beyond question that neither Alice nor Willie and Belle are claiming title to any land of which the other has title, nor is there any assertion of a claim to title by virtue of possession. Willie and Belle agree that Alice owns whatever land was conveyed by the 1951 deed and, conversely, Alice claims her ownership solely by virtue of the 1951 deed. The disagreement is not one of competing claims to the same land but an inability to settle the location on the ground of the north boundary line between the tract conveyed and that retained by Willie and Belle.

This case is similar to *Carroz v. Kaminiski,* 467 S.W.2d 871 (Mo. banc 1971) in which the court found a boundary dispute not to be a title controversy and a

---

1. Count II of the petition was in damages against Willie and Belle for breach of the covenants in the 1951 deed to warrant and defend Alice's title. Count III was for ejectment against Peggy Pendleton who occupied the disputed strip with a house trailer claiming as a tenant of Willie and Belle. Counts II and III were dependent on disposition of Count I, assuming it adequately presented the dispute of ownership, because Counts II and III would fail if Alice did not prevail on Count I.

2. Willie Moss did not testify at trial. His deposition testimony was introduced in evidence by Alice.

**888**

judgment decreeing title under a pleaded claim to quiet title to be in error. The appropriate remedy for determination of a boundary line is ejectment. *Carroz v. Kaminiski, supra* at 872; *Probst v. Probst,* 595 S.W.2d 289, 291 (Mo.App.1979). On the same reasoning, it was error for the trial court in this case to decree fee simple absolute ownership where the actual claim, regardless of the misnomer in Alice's petition, was one to settle a disputed boundary.

■ The appeal by Alice from the judgment quieting title, although such judgment was not in her favor, admittedly does not present the question discussed above, the miscasting of the cause of action. The issue must be confronted, however, because the theories and elements of proof in a suit to quiet title are different from those in an action in ejectment. It necessarily follows that the sufficiency of proof under a claim that the judgment is against the weight of the evidence cannot be evaluated on appeal where an action properly lying in ejectment is brought and decided as a suit to quiet title.

■ The second point raised by appellant complains that the trial court assessed all costs in the case against her even though the judgment declared her ownership in at least part of the land clouded by the 1982 deed. That assessment of costs appears to have been an abuse of discretion under these facts. *Schwartz v. Shelby Construction Co.,* 338 S.W.2d 781, 795 (Mo.1960); *Amitin v. Izard,* 262 S.W.2d 353, 356 (Mo. App.1953). The costs should be shared equally to this stage of the litigation.

The judgment as to Count I of plaintiff's petition is reversed and the cause is remanded in order that plaintiff may seek leave to file an amended petition and, if such be filed, for a new trial on that count. The order assessing costs to plaintiff is reversed with direction that costs be assessed equally between the parties.

All concur.