**Michael MURPHY, Plaintiff-Appellant,**

v.

**Melvin NEISNER,
Defendant-Respondent.**

**No. 52301.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 16, 1987.

Motion for Rehearing and/or Transfer
Denied July 21, 1987.

---

Michael Murphy, pro se.

Marion F. Wasinger, Hannibal, for defendant-respondent.

PER CURIAM.

Plaintiff-appellant appeals from the judgment of the trial court dismissing appellant's petition for legal malpractice against his court appointed attorney, in a civil action, who withdrew with leave of court.

Appellant is a prisoner in the Missouri State Penitentiary serving a life sentence for murder in the second degree.[1] Upon being transferred from a medium to a maximum security prison, appellant filed a civil rights action in federal court claiming a violation of his right to freely exercise his religious beliefs. Appellant was transferred to a maximum security prison because of charges of conspiracy to cause a riot relating to appellant's association with a white supremacist cult.

The United States District Court appointed respondent, Marvin Neisner, to represent appellant in his civil action. After discovering the violent nature of appellant's cult, respondent filed a motion to withdraw from the case. He indicated that appellant's ethnic and religious beliefs were so diverse from his own that they would interfere with his representation of appellant. The district court granted respondent's motion to withdraw.

The district court subsequently appointed other counsel for appellant. Appellant then entered into a settlement that was signed by appellant and appellant's subsequent attorney.

Thereafter, appellant filed a legal malpractice suit against respondent, the original attorney, arising out of the above mentioned settlement. Appellant, however, admits that his subsequent counsel who handled the settlement did "not sell him out."

The suit was dismissed as frivolous and having no legal basis. He now appeals.

In this pro se appeal, appellant fails to comply with the rules of appellate practice as stated in Rule 84.04. The statement of facts are defective, appellant failed to include the notice of appeal in the legal file, and he cites only Deuteronomy and the Magna Carta as support for one of his points on appeal.

Notwithstanding the procedural defects, we have examined the record and conclude that there was no error of law and an extended opinion would have no precedential value. We affirm pursuant to Rule 84.16(b)(5).

While respondent's motion for damages for frivolous appeal has merit, we feel assessing damages to a prisoner serving a life sentence would be fruitless when there is little chance for recovery. Motion denied. The judgment is affirmed.

All concur.

1. State v. Murphy, 592 S.W.2d 727 (Mo. banc 1979). Appellant initiated further litigation by filing a 27.26 motion which was denied. Murphy v. State, 636 S.W.2d 699 (Mo.App.1982). Also, the civil action from which appellant claims legal malpractice was dismissed by the trial court and reversed and remanded by the eighth circuit. Murphy v. Missouri Department of Correction, 769 F.2d 502 (8th Cir.1985). Thereafter, the case was settled.