Tina **FORNACHON,**
Petitioner–Appellant,

v.

Daniel **FORNACHON, Respondent.**

No. 53071.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Crystal Y. Smith, W. Morris Taylor, Clayton, for petitioner-appellant.

Love, Lacks & Paule, Stanford J. Carp, Kris R. Baumgartner, Clayton, for respondent.

PUDLOWSKI, Judge.

On March 25, 1987, the trial court entered a decree dissolving the marriage between petitioner, Tina Fornachon, and respondent, Daniel Fornachon. Tina appeals from that decree arguing that the trial court erred in dividing the marital property and in awarding an insufficient amount of maintenance. We affirm.

■ At the outset we note that none of the parties requested the trial court to make findings of fact and conclusions of law, and the trial court made none. As a result, all fact issues shall be considered as having been resolved in accordance with the result reached. Rule 73.01(a)(2) [1]; *In re Marriage of Clark*, 718 S.W.2d 649, 653 (Mo.App.1986).

Tina and Daniel, ages 29 and 32 respectively, were married on March 10, 1978. Two children, ages 6 and 3, were born of the marriage. Tina did not graduate from high school but instead obtained her GED. Prior to and during the marriage Tina held various unskilled jobs which included machine operation, baby-sitting and nurse assisting. After her first child was born she stopped working to care for her children. When the couple experienced financial difficulties Daniel asked Tina to go back to work but Tina refused stating that she wanted to stay home with the children. At the time of trial Tina was a full time student at a local community college.

During the marriage Daniel was employed at Wilkes Direct Mail Company as a supervisor. In that capacity he earned $11.90 per hour, had health insurance benefits for his family and an opportunity to earn unlimited overtime. During his tenure at Wilkes, Tina filed a petition for dissolution of marriage. On September 29, 1985, a PDL Order was issued which required Daniel to pay Tina $580 per month temporary child support and $300 per month temporary maintenance. In an effort to make these payments and support himself at the same time, Daniel got deeply into debt and eventually his wages were garnished. In order to remain solvent, Daniel used his vacation time at Wilkes to earn extra money at the Ad–Sell Company. As moonlighting was prohibited by Wilkes, Daniel was terminated from his position at Wilkes and began working at Ad–Sell thirty-five hours per week at $11 per hour. After making payments to his wife Daniel would, at times, take home no pay. Eventually Daniel went back to Wilkes as a mechanic at $11 per hour with reduced overtime. Now he must pay for his health insurance.

In 1982 Tina enrolled in a pre-nursing program at a local community college. She receives student loans which cover her tuition and books and expects that such aid will continue. She is at present a full time student and has not sought employment because she feels that she has no marketable skills and that the rigors of studying, child care plus employment would be too "stressful." Tina has had several bouts with pelvic inflamatory disease but testified that this illness does not prevent her from seeking employment. She has not sought employment because she is going to school and anticipates that she will require three more years of education before she has any job prospects in the nursing field. Tina stated that she did not feel it was totally Daniel's responsibility to provide for her education.

Although the evidence is conflicting, it would appear that neither party was free of marital misconduct. The Fornachon marriage was punctuated by a series of brief separations during which Daniel had sexual relations with several women. During the last separation, Tina had a sexual relationship with another man. Tina stated that she was the victim of physical and

**1.** Unless otherwise indicated, all references to statutes refer to RSMo 1986 and all references to rules are to Missouri Rules of Court, V.A.M. R.

emotional abuse inflicted upon her by Daniel who denies such allegations.

In her first point Tina argues that the trial court's division of marital property was not supported by substantial evidence and was a result of a misapplication of the factors listed in Section 452.330. Early in the proceedings the parties agreed on a division of all items of marital property with the exception of: (1) insurance proceeds in the amount of $1,200 received for a stolen automobile, (2) the proceeds of a 1985 Income Tax Return in the amount of $2,098.29, and (3) the proceeds of a profit sharing plan which is not at issue in this case. The trial court made no mention of the items in the divorce decree. Tina argues that she should have been awarded the insurance proceeds and tax refund and that a contrary disposition is a misapplication of the factors listed in Section 452.330.

Our review is governed by standards set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be upheld unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

Appellant argues rather vigorously in this point that respondent voluntarily reduced his income when he quit Wilkes and began working at Ad–Sell. When the facts are read in light of the result reached, this argument is not supported by the record. Rather, Daniel testified that he was terminated from Wilkes for violating a company policy against moonlighting. He was moonlighting in order to earn enough money to support himself while meeting his monthly support obligations.

■ We will address the disposition of the insurance proceeds first. There is no dispute that the 1980 Corvette was marital property. The car which was in Daniel's possession was stolen and after payment of the amount owed on the car from the insurance proceeds, Daniel was left with $1,200. He used that money to buy a 1969 Mustang which he eventually sold for $500. He used the $500 as a security deposit for an apartment. During this period of time

Daniel was experiencing financial difficulties and the evidence showed that Daniel used these funds for living expenses. *Hutchins v. Hutchins,* 660 S.W.2d 403, 404 (Mo.App.1983). There is no evidence that any of these funds remained at the time this proceeding was concluded in the trial court. If there is substantial evidence that one spouse squandered marital property the trial court is authorized to order reimbursement. *In re Marriage of Layton,* 687 S.W.2d 214, 216 (Mo.App.1984). There is no such evidence in this case. The failure of the trial court to award Tina the insurance proceeds was not error.

■ The parties filed a joint Income Tax Return for the year 1985 in the amount of $2,098. Daniel testified that he cashed the check after forging Tina's signature on it. Tina received none of the refund. No evidence appears in the record that shows how Daniel used the money but he states in his brief that it was used to expunge marital debts, meet his child support and maintenance obligations and support himself. In the dissolution decree the trial court ordered the parties to file a joint 1986 Federal Income Tax Return and for Tina to receive ninety percent of the refund.

■ Tax refunds which are acquired during the marriage are marital property. *Moseley v. Moseley,* 642 S.W.2d 953, 959 (Mo.App.1982). In dividing marital property the court must consider the factors set forth in Section 452.330.1. One of these factors is the conduct of the parties during the marriage. Section 452.330.1. As stated earlier, neither party was free of marital misconduct. Further, the court is under no obligation to order reimbursement when there is no evidence that the spouse who is no longer in possession of marital property squandered it. *Layton* 687 S.W.2d at 216. Under the facts of the case before us the action of the trial court with regard to the tax refund cannot be said to be unjust. Section 452.330.

■ Tina also argues in her first point that Daniel should have been ordered to assume responsibility of marital debts in that he wasted and depleted marital assets,

physically and emotionally abused petitioner, separated himself from her, and earned $30,000 per year. However, Tina concedes in her brief that the trial court is not required to allocate marital debts between the parties. *Gonzalez v. Gonzalez*, 689 S.W.2d 383, 386 (Mo.App.1985). Tina seeks to have Daniel assume the following debts: $7,310 owed on the Mazda truck that Tina drives, $2,833 owed on a hospital bill for one of Tina's recent illnesses, and $2,500 owed on a student loan used to finance Tina's education. The existence, extent, and allocation of marital debts are factors to be considered by the trial court in establishing a fair division of the marital assets. *Id.* After reviewing the division of marital property in light of the economic circumstances of the parties we find that the division of the marital property by the trial court was fair. We find no abuse of discretion.

In Tina's second point she argues that the amount she was awarded in maintenance was insufficient and not supported by substantial evidence. Daniel was initially ordered to pay Tina maintenance in gross in the amount of $5,400 payable at the rate of $150 per month for three years. This amount was subsequently amended on the court's own motion to $7,200 payable at the rate of $200 per month for three years. Tina argues that the evidence supported an award of $400 per month with no provision for termination at any certain date. We disagree.

Awards of maintenance are within the discretion of the trial court. The court has discretion as to amounts and the duration of maintenance payments after considering various factors including, but not limited to, those listed in Section 452.335.2. *In re Marriage of Powers*, 527 S.W.2d 949, 954 (Mo.App.1975).

At the trial Tina testified that she anticipated she would require three more years of education before she had any job prospects in the nursing field. Tina is 29 years of age; a young woman in fair health. She stated that her health does not prevent her from seeking employment. She has held various unskilled jobs prior to and during the marriage. She feels that the burden of employment added to the rigors of school, studying and child care would be too "stressful." After review of the evidence adduced at trial it appears that Tina seeks to have Daniel finance her education. Daniels monthly income is $1,331. His expenses, excluding maintenance and support, total $1,237 per month. After consideration of relevant circumstances and the factors enumerated in Section 452.335.2, we find that the trial court did not abuse its discretion in making the maintenance award. Point denied.

Finally, Daniel argues that Tina's appeal is frivolous and seeks damages and sanctions under Rule 84.19. Damages for frivolous appeals are awarded with great caution as the court must not chill an appeal of even slight colorable merit. *Breshears v. Malan Oil Co.*, 671 S.W.2d 402, 404 (Mo.App.1984). A frivolous appeal warranting an award of damages, is one which presents no justiciable question and is so devoid of merit that there is little prospect that it can succeed. *P.L.K. v. R.J.K.*, 682 S.W.2d 486, 491 (Mo.App.1984).

While the arguments made by wife are, after consideration, not persuasive, they do not rise to the level of meritless contention contemplated by Rule 84.19. Daniel's request for damages for frivolous appeal is denied. The judgment of the trial court is affirmed.

STEPHAN, P.J., and DOWD, J., concur.