Peaches JONES, Appellant,

v.

KANSAS CITY AREA TRANSPORTATION AUTHORITY, Respondent.

No. WD 40822.

Missouri Court of Appeals, Western District.

March 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

---

Stanley L. Wiles, Kansas City, for appellant.

Richard N. Ward, City Atty., Lucille R. Myles, Dennis E. Lee, Asst. City Attys., Kansas City, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Peaches Jones brought this action in negligence against the Kansas City Area Transportation Authority (ATA) for damages to her neck she allegedly suffered while boarding a bus on February 18, 1983. The petition spoke of an unknown black female driver who closed the door on the plaintiff while she was getting on a bus at 31st and Prospect in Kansas City. The prayer was for $300,000 for aggravation of a pre-existing arthritic condition which resulted in a ruptured cervical disc. Not represented by present counsel, Jones dismissed the case without prejudice after a jury was picked. The case was refiled, tried and the jury rendered a verdict for the ATA.

Jones' two points on appeal are closely related. On March 15, 1988 Jones filed a second request for production of documents pursuant to Rule 58.01. She wanted "the complete personnel file of any black female bus drivers who were employed by the Defendant and who drove at any time in January and February of 1983, a K.C.A.T.A. [Kansas City Area Transportation Authority] bus, that would have picked up plaintiff (Jones) and/or other parties at or near 31st and Prospect, in Kansas City, Missouri." Jones petitioned the court to require that the request be complied with by March 22, 1988, since this case was set for trial on March 28, 1988. The court overruled that request.

Jones also delivered, around the 23rd of March, 1988, a subpoena duces tecum to "Kansas City Area Transportation Authority" requesting that "all records including but not limited to personnel files of any and all female black bus drivers who have

driven any buses for the Kansas City Area Transportation during the month of February, 1983" to be produced by March 28, 1988. No return is shown on the subpoena. The defendant moved to quash the subpoena, pursuant to § 491.100.3, RSMo 1986, on the grounds that the subpoena was *unreasonable and oppressive* and not *directed or delivered* to any named person. The court sustained that motion and quashed the subpoena. Her brief suggests an ATA coverup as to disclosing the driver in question—ATA has steadfastly denied having any record of the accident. As can best be determined, Jones felt the black female driver who was represented by ATA as being the one who drove the bus on the route of the day in question, did not drive the bus, resulting in there being no report made. The record here contains a transcript consisting of two pages of closing argument from the two day trial which does not seem to relate to the appeal. The legal file reveals that at the time of trial costs of $211 remained unpaid from the dismissal following the first action. Answers to interrogatories showed Jones had prior convictions in federal court in the 1950's for improperly receiving a veteran's check, for assault in 1978 in Jackson County and for welfare fraud in 1983 in federal court.

Jones' first point is that the judge erred in overruling her second request for production of documents, Actually, the judge did not overrule the request for production, rather he overruled Jones' motion to require that the defendant comply with the order in a week's time. Under Rule 58.01, the other party would normally have 20 days to respond to the request. The Rule does provide that the "court may allow a longer or shorter time."

"The propriety of discovery is a matter within the discretion of the trial court and we may not disturb the ruling of the trial court except for abuse of that discretion." *State ex rel. Kuehl v. Baker*, 663 S.W.2d 410, 411 (Mo.App.1983). In addition to a showing of error, it would be incumbent on Jones to show sufficient prejudice resulted requiring a reversal from an abuse of trial court discretion. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 828 (Mo. banc 1984). Jones cannot show prejudice in the ruling to not shorten the time, nor to allow this discovery which was presented to the defendant 13 days before the second trial arising out of an event that occurred some four years prior. Jones did not ask for a continuance of the case. The point is denied.

The same result pertains to the hand delivered subpoena not containing a proper return, § 491.120, RSMo 1986, and addressed only to "Kansas City Area Transportation," § 491.090. The subpoena was properly quashed for failure to comply with procedural mandates, *State v. Rose*, 535 S.W.2d 115, 119 (Mo.App.1976). In any event, as with the effort to produce the personnel files, the subpoena was untimely and would have put an unnecessary burden on the defendant. *State ex rel. Whitacre v. Ladd*, 701 S.W.2d 796, 798 (Mo.App. 1985). Jones has not shown to this court an abuse in the trial courts ruling or how she was prejudiced by not getting the desired information.

The most troubling aspect of the appeal is dealing with the ATA's request for damages for frivolous appeal. Rule 84.19. This is a frivolous appeal. Both the client and the lawyer are responsible for this case, now in this posture in the judicial process. Another lawyer started this case and dismissed after starting trial leaving unpaid over $200 in court costs when the present lawyer for Jones entered the case. What his theory was in attempting to determine who the driver was is not clear. The request for production and subpoena came just before trial. To his credit, counsel did attempt to get out of the case prior to trial, but a two day trial resulted in a verdict after 20 minutes deliberation. The appellant's brief is inadequate and violates portions of Rule 84.04(c), (d), (e) and (f). As noted earlier the record on appeal is inadequate. An inadequate brief does not render an appeal frivolous, but "such a brief considered together with the record may reflect that no 'fairly debatable' issue exists to justify an appeal. *Jensen v. Jen-*

148

*sen,* 670 S.W.2d 16, 19 (Mo.App.1984). There is nothing in the points on appeal which have any merit. *Id.* These charges should be awarded only with great caution and should not chill the right of appeal but are warranted in a appeal which presents no justifiable question and is so devoid of merit there is little prospect of success. *Fornachon v. Fornachon,* 748 S.W.2d 705, 709 (Mo.App.1988). There is even no "slight merit" to this case, and it should not have been on an appeal docket. *Breshears v. Malan Oil Co.,* 671 S.W.2d 402, 404 (Mo.App.1984). Even though there appears to be little chance of recovery, damages are assessed against Jones in the amount of $250. *Murphy v. Neisner,* 733 S.W.2d 12, 13 (Mo.App.1987). Neither Rule 84.19 nor the cases limit damages to be assessed only as to the litigant. This court believes there are instances where the attorney should also bear such a cost. *See* Rule 55.03 which covers pleadings and motions in trial court and reads in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading ... that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> \*   \*   \*   \*   \*   \*
>
> If ... signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred.

The attorney in a case such as this not only owes the client a duty of representation, but a duty to quell further litigation of a groundless appeal. Though no award will be made against counsel in the case at bar, this court interprets Rule 84.19 as authority for this court, in any case warranted, to assess such damages against both a party and counsel.

The judgment is affirmed. Damages assessed against the appellant in the amount of $250. Rule 84.19.