Richard M. BLACKSTOCK, Appellant,

v.

**FARM & HOME SAVINGS ASSOCIATION,** Respondent.

No. WD 42527.

Missouri Court of Appeals, Western District.

April 24, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

Application to Transfer Denied July 31, 1990.

Richard M. Blackstock, Independence, for appellant.

Gerald D. McBeth, Nevada, for respondent.

Before KENNEDY, P.J., and
LOWENSTEIN and BERREY, JJ.

PER CURIAM:

Blackstock appeals from the dismissal of his petition for a failure to state a cause of action. Blackstock's petition alleges that Farm & Home Savings Association engaged in a fraudulent loan transaction and an invalid foreclosure sale because it used federal reserve notes as legal tender.

The judgment is affirmed.

On May 12, 1986, appellant and his wife purchased a house with the proceeds of a note from Farm & Home Savings Association ("Farm & Home"). The note was secured by a deed of trust upon the property. The note became delinquent, and Farm & Home foreclosed on the property on May 31, 1989. At the foreclosure sale, Farm & Home offered the highest bid and purchased the property for $65,687. Farm & Home then deeded the property to the Veterans Administration, which had guaranteed the initial loan to appellant and his wife.

On the day before the foreclosure sale, appellant filed the instant action against Farm & Home and the individual trustees on the deed of trust. In his petition, appellant alleged that the May 12, 1986 loan contract was fraudulent and void because of Farm & Home's use of federal reserve notes as legal tender. On July 11, 1989, Farm & Home filed a motion to dismiss the petition for failure to state a cause of action. Appellant then filed an amended petition, and on August 15, 1989, Farm & Home filed a motion to dismiss the amend-

ed petition for failure to state a cause of action. The August 15, 1989 motion to dismiss was sustained by the trial court.

On appeal, Blackstock claims that the trial court erred by holding that he had failed to state a cause of action. Appellant contends that Farm & Home used federal reserve notes as legal tender for both the May 12, 1986 loan contract and the May 31, 1989 foreclosure sale, and that such a practice is a violation of article 1, section 10 of the United States Constitution, which states that "No state shall … make any Thing but gold and silver Coin a Tender in Payment of Debts." Therefore, appellant concludes, the foreclosure sale was invalid, and the loan contract was fraudulent and void for lack of consideration on the part of Farm & Home.

However, appellant's argument is contrary to the existing law. Although article 1, section 10 of the United States Constitution prohibits the states from declaring anything other than gold or silver legal tender, it does not limit the power of Congress to declare what shall be legal tender for all debts. *May v. Bailey*, 693 S.W.2d 246, 249 (Mo.App.1985). And, in 31 U.S.C. § 5103 (1983), Congress established federal reserve notes as legal tender for all debts. *Id.* at 248. Consequently, Farm & Home's use of federal reserve notes in the loan contract and foreclosure sale does not render those transactions invalid, void or fraudulent. Appellant's point is without merit.

Appellant also contends that the trial court erred in failing to rule on the amended complaint. However, a review of the record shows that, in its September 22, 1989 order dismissing appellant's petition, the trial court sustained Farm & Home's August 15, 1989 motion to dismiss. Farm & Home's August 15, 1989 motion to dismiss was expressly directed at appellant's amended petition. Appellant's point is without merit.

Appellant further contends that the trial court erred "in failing to serve" appellant's amended complaint. However, since his amended complaint was dismissed for a failure to state a cause of action, appellant has not demonstrated how this alleged failure, if true, prejudiced his cause of action. This point, too, is without merit.

Pursuant to Rule 84.19, Farm & Home has requested the assessment of damages for a frivolous appeal. The purpose of Rule 84.19 is to prevent congestion of appellate dockets with unmeritorious cases and to compensate respondents for the time and cost of responding to a futile appeal. *Barber v. Columbia Building, Ltd.*, 720 S.W.2d 403, 406 (Mo.App.1986). While no hard and fast rule as to what constitutes a frivolous appeal has been advanced and the issue must be considered on a case-by-case basis, *Richey v. Meter Investments, Inc.*, 680 S.W.2d 381, 384 (Mo. App.1984), the test generally used is whether the appeal presents any justiciable question and whether it is so readily recognizable as devoid of merit on the face of the record that there is little prospect of success. *Means v. Sears, Roebuck, and Co.*, 550 S.W.2d 780, 789 (Mo. banc 1977). The issues presented on appeal must be at least fairly debatable in order to avoid assessment of damages for frivolous appeals. *Doran, Inc., v. James A. Green, Jr. & Co.*, 654 S.W.2d 106, 110–111 (Mo.App.1983). Damages for frivolous appeal should be awarded with great caution, as the appellate court must not chill appeals of even slight or colorable merit, and even slight merit is evidence of good faith on the part of the appellant. *Breshears v. Malan Oil Co.*, 671 S.W.2d 402, 404 (Mo.App.1984).

Based upon these principles, we find Blackstock's appeal to be frivolous, and we assess the damages at $1,000. Accordingly, the judgment of the trial court is affirmed, and damages for frivolous appeal in the amount of $1,000 are assessed against appellant, Richard M. Blackstock, and in favor of Farm & Home Savings Association.