**In the Matter of the ESTATE OF Kurt VOEGELE, Deceased,**

**Robert B. Rutledge, Personal Representative, Appellant.**

**No. 60764.**

Missouri Court of Appeals, Eastern District, Division One.

May 5, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1992.

GARY M. GAERTNER, Judge.

Appellant, Robert B. Rutledge, appeals an order of the Circuit Court of the City of St. Louis removing him as personal representative of the Estate of Kurt Voegele. We affirm and impose $2,000.00 in damages for filing a frivolous appeal.

The instant appeal is the third time this court has sat in review of this particular case. In the first action, *In re Estate of Voegele*, 788 S.W.2d 301 (Mo.App., E.D. 1990), this court held appellant could not appeal the denial of a petition for admission to probate because he was not an aggrieved party and, therefore, lacked standing to bring the appeal. This court further held filing the appeal forced appellant into a conflict of interest with decedent's heirs. Appellant's fiduciary relationship with the heirs prevented him from adopting such a position. The appeal was dismissed.

In the second action, *In re Estate of Voegele*, 805 S.W.2d 177 (Mo.App., E.D. 1990), appellant filed a motion to dismiss respondent's petitions to determine heirship because the petitions were untimely. Appellant's motion was overruled and he appealed. This court affirmed and fined appellant $2,000.00 for filing a frivolous appeal because the question of appellant's standing had been dealt with by our ruling in the previous appeal. It appears from oral arguments of the parties that the above damages remain unsatisfied.

Concerning the matter now before us, the heirs filed a petition for appellant's removal as administrator of the estate as well as a petition for partial distribution on April 17, and 19, 1991, respectively. A hearing on the two petitions was scheduled for May 15, 1991.

The record reveals a hearing on the two petitions was conducted on May 15, 1991, as scheduled. Later that same day, the court granted respondent's petition for removal of appellant as personal representative and appointed Steven C. Ludwinski to that position. Appellant was given until June 1, 1991, to file settlement to revocation, which he eventually filed on October 1, 1991.

Roger M. Hibbits, Clayton, for appellant.

Stephen C. Ludwinski, Terrence F. Moffitt, Patrick H. Gadell, St. Louis, Steven A. Cox, Chesterfield, for respondent.

Appellant filed a motion for a new trial on May 30, 1991. The trial court gratuitously overruled the motion on September 3, 1991. This appeal ensued.

According to his brief, appellant's sole basis for bringing this appeal is to challenge the sufficiency of the evidence for his removal. Appellant claims that no evidence was offered to the trial court to support his removal. We disagree.

■ As a prelude to our analysis, we note appellant's failure to file a complete record with this court. Appellant makes a record-based claim, as opposed to a law-based claim, yet submits no transcript for this court to review. The duty to provide a full and complete record on appeal lies with the appellant. If a matter complained of is not present in the record, there is nothing for this court to review. *In re Marriage of Kohler*, 778 S.W.2d 19, 21 (Mo.App., E.D. 1989). It is therefore impossible for appellant to succeed because he has not provided this court with a transcript of the proceedings below.

■ Moreover, we note the trial court clearly took judicial notice of our ruling and imposition of frivolous appeal damages in appellant's previous appeal, *Voegele*, 805 S.W.2d at 180, because it found appellant had indeed been so fined and, thus, deserved removal. The court also noticed appellant had taken a position adverse to the heirs' interests. Courts are permitted to take notice of their own records. *Tudor v. Tudor*, 617 S.W.2d 610, 614 (Mo.App., S.D.1981). Point denied.

Normally, our analysis would end here, but respondent has accused appellant of filing yet another frivolous appeal. Respondent has also implied appellant has acted in bad faith during the prosecution of this appeal. We agree with both accusations.

■ Awarding frivolous appeal damages is a drastic remedy, to be used only with caution. *Fornachon v. Fornachon*, 748 S.W.2d 705, 709 (Mo.App., E.D.1988). Such a remedy is reserved for those rare cases which present no justiciable question and are so obviously devoid of merit there is little prospect the appeal can succeed. *O'Dell Plumbing, Heating & Cooling, Inc.*

*v. Clayton Greens Nursing Center, Inc.*, 676 S.W.2d 528, 532 (Mo.App., W.D.1984). In the case before us, the appeal has no chance for success, given the complete lack of a record.

In *Jones v. Kansas City Area Transp. Authority*, 769 S.W.2d 145 (Mo.App., W.D. 1989), the Western District faced a similar situation. In its opinion, the court noted an inadequate brief, a brief in violation of Rule 84.04, and an inadequate record were all factors taken into account in reaching a decision to award damages under Rule 84.-19. *Id.* at 147–48.

We believe *Jones* has startling similarity to the case before us. Appellant's brief, citing only one case, is wholly inadequate, and the record on appeal is, as mentioned before, nonexistent. Moreover, appellant has creatively edited the record on appeal, omitting evidence unfavorable to him. We note as well that the legal file is not even properly numbered and indexed. While none of these factors by itself may render this appeal frivolous, the combination of them all reflects frivolousness. *Jensen v. Jensen*, 670 S.W.2d 16, 19 (Mo.App., W.D. 1984).

Noticing our own records, *Harter v. Lindsay*, 306 S.W.2d 881, 883 (Mo.App., K.C.Ct.App.1957), we find the appellant has appealed the instant case to this court twice previously. The first appeal was dismissed for lack of standing, and damages were imposed in the second appeal for frivolously re-litigating the same suit. It seems to us that appellant, by bringing these three meritless appeals, has shown his true purpose throughout the case: to delay the respondents' recovery and harass them through what should be an ordinary, uneventful probate administration. Thus, the lack of merit in the instant appeal, combined with appellant's displayed intent of delay and harassment, have convinced this court that damages are appropriate in the case at bar.

■ In awarding damages against a frivolous litigant, the court may take several factors into consideration. The purpose of Rule 84.19 is to prevent crowding of appellate dockets with meritless cases, and to compensate respondents for the time

and costs of responding to a futile appeal. *Blackstock v. Farm and Home Sav. Ass'n,* 792 S.W.2d 9, 11 (Mo.App., W.D.1990). In consideration of the above purposes, we again award respondents damages in the amount of $2,000.00 to be assessed against appellant only, and not against his attorney.

REINHARD, P.J., and CRANE, J., concur.