Gregg G. VANSCHOIACK,
et al., Appellants,

v.

Wilton H. ADKINS and Beverly
J. Adkins, Respondents.

No. WD 46285.

Missouri Court of Appeals,
Western District.

March 2, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1993.

Application to Transfer Denied
June 29, 1993.

Alden S. Lance, Savannah, for appellants.

Daniel L. Radke, St. Joseph, for respondents.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellants, Gregg Vanschoiack, Dean Vanschoiack, Ruth Vanschoiack, and Mary Ann Vanschoiack, appeal the judgment of the trial court quieting title to certain property, awarding damages, and entering a permanent injunction in favor of respondents, Wilton Adkins and Beverly Adkins.

Elvira Moran was the owner of a farm in Andrew County, Missouri, consisting of approximately 320 acres. In 1964, Elvira

Moran conveyed approximately 220 acres of her property to Merle Adkins and his wife, Crystal Adkins. The warranty deed from Elvira Moran to Merle and Crystal Adkins described the property conveyed relevant to the dispute herein as follows:

The South Half of the Northeast Quarter of Section 32, Township 60, Range 35, less and excepting railroad right-of-way as now existing, containing 76 acres, more or less.

The deed further stated, "This conveyance includes all land owned by [Elvira Moran] east of the county road as it now exists." In April of 1972, Merle and Crystal Adkins conveyed their interest in this property to their son, Wilton Adkins and his wife, Beverly Adkins. Thereafter on July 1, 1975, Elvira Moran executed a quit claim deed to Wilton and Beverly Adkins with the stated purpose of correcting an error in the legal description of the previous warranty deed from Elvira Moran to Merle and Crystal Adkins. The 1975 deed quit-claimed the following described property:

The South One–Half of the Southeast Quarter of Section Thirty–Two (32), Township 60 (60), Range Thirty-five (35), less and excepting a railroad right-of-way as now existing, containing 76 acres, more or less.

The quit claim deed was necessary because the warranty deed incorrectly described the Adkins' tract in question here as the "South Half of the Northeast Quarter of Section 32, Township 60, Range 35," rather than correctly referencing the South Half of the Southeast Quarter of Section 32, Township 60, Range 35.

In 1964, Elvira Moran had conveyed the other 100 acres of her property to Gregg Vanschoiack and his wife, Ruth Vanschoiack. The warranty deed from Elvira Moran to Gregg and Ruth Vanschoiack also set forth the legal description of the property describing an 80 acre tract and a 20 acre tract. The 20 acre tract was described as the "East Half of the Southeast Quarter of the Southwest Quarter of Section 32, Township 60, Range 35, containing 20 acres, more or less." The deed further stated, "This conveyance includes all land owned by [Elvira Moran] lying west of the county road as it now exists." In 1990, Gregg and Ruth Vanschoiack conveyed their interest in this property to themselves and their son, Dean Vanschoiack and his wife, Mary Ann Vanschoiack.

In 1991, the Vanschoiacks hired a surveyor to prepare a survey of what they claimed to be their 20 acre tract. Subsequent to said survey, the Vanschoiacks claimed title and possession of a triangular piece of land that had previously been in the use and possession of the Adkins. The Vanschoiacks claimed that legal title to the triangular piece of land was vested in them, moved their property onto the land in question, removed fences that had been established by the Adkins, and refused the Adkins access to the land.

For demonstrative purposes only, a diagram providing a not to scale representation of the triangular property in dispute is attached as Appendix A.

The Vanschoiacks represented at trial that the language on their warranty deed that the conveyance was of the land west of the county road was added to the deed after its execution and was not a part of the conveyance. However, the evidence presented by the Vanschoiacks at trial in support of this position was sketchy and obviously not accepted by the trial court. The Vanschoiacks represented that the legal description was controlling and established title to the triangular piece of property in them superior to any claim of the Adkins. The Vanschoiacks further appeared to take the position at trial that since the legal description in the 1964 Adkins' deed was incorrect, that the Adkins had no claim to the disputed property until they received the quit claim deed in 1975.[1] At any rate, the Vanschoiacks claimed they held superior title to the triangular piece of property in question.

---

1. It is not necessary for us to address this question because it is not properly presented by appellants on appeal. Furthermore, there was abundant evidence in the record to show that the description in the 1964 warranty deed was a mistake and that Elvira Moran intended to convey the property as described in the 1975 quit claim deed in the 1964 deed.

The Adkins have consistently argued that they held legal title to the ground and that the Vanschoiacks' title excluded the triangular shaped piece of ground in question. But for the reference to the county road, the triangular piece of property was within the legal description of the Vanschoiacks' tract and not within the legal description of the Adkins' tract. The trial court found in favor of the Adkins.

The Vanschoiacks raise a single point on appeal in which they argue that the trial court erred in quieting title to the property in question because ejectment is the proper action to establish boundaries between properties.

■■■ A suit to quiet title is a special statutory action to adjudge respective estates, titles and interests of several claimants to land. *Moss v. Moss,* 706 S.W.2d 884, 887 (Mo.App.1986); *see also* section 527.150, RSMo 1986. Where there is no title controversy, but merely a boundary dispute, the remedy is by an action for ejectment not quiet title. *Id.* at 887–88.

■■ The Vanschoiacks cite several cases in support of their position, all of which deal with mere boundary disputes where title is not in controversy. In the case at bar, there was no real dispute between the parties as to where the county road was located at the time the warranty deeds were executed or to the fact that the location of the road had not changed since that time. This was clearly not a case of a mere boundary dispute. The case as presented by the parties was a question of title based upon what the parties argued were conflicting deeds and right of ownership. The quiet title action of the Adkins was proper and the evidence presented at trial clearly supports the trial court's judgment.

There being no further challenge to the trial court's judgment in appellants' single point relied on, the judgment is affirmed. However, this does not end our review of this case in that the Adkins ask for damages for frivolous appeal.

■■ Rule 84.19 allows an appellate court to award damages for frivolous appeal as the court deems just and proper.

The purpose of Rule 84.19 is to prevent congestion of appellate dockets with unmeritorious cases and to compensate respondents for the time and cost of responding to a futile appeal. *Blackstock v. Farm & Home Sav. Ass'n,* 792 S.W.2d 9, 11 (Mo. App.1990), *cert. denied,* 498 U.S. 1034, 111 S.Ct. 697, 112 L.Ed.2d 687 (1991). While no hard and fast rule as to what constitutes a frivolous appeal has been advanced and the issue must be considered on a case-by-case basis, the test generally used is whether the appeal presents any justiciable question and whether it is so readily recognizable as devoid of merit on the face of the record that there is little prospect of success. *Id.* The issues presented on appeal must be at least fairly debatable in order to avoid assessment of damages for frivolous appeals. *Id.* Additionally, although an inadequate brief does not render an appeal frivolous, such a brief considered together with the record may reflect that no 'fairly debatable' issue exists to justify an appeal. *Jones v. Kansas City Area Transp. Auth.,* 769 S.W.2d 145, 147 (Mo.App.1989). Any damages awarded for frivolous appeal may be assessed against both a party and counsel where warranted. *Id.* at 148.

■■ Appellants have argued on appeal that this was a case involving a boundary dispute as opposed to being a title dispute. However, throughout the course of the trial, appellants and their counsel maintained that the issue presented was who had superior title to the land in question due to what they argued were conflicting deeds. Appellants' position on appeal is totally contrary to their position at trial and is not an issue fairly debatable based upon the law and the record herein.

Furthermore, appellants' brief on appeal exhibits a lack of a professional and good faith effort to appeal the judgment of the trial court. Appellants' first brief was stricken by the court on its own motion as being in violation of Rule 84.04. Appellants' second brief also failed to comply with Rule 84.04, but we have exercised our discretion to decide the case on its merits because the issue presented was able to be understood.

*State ex rel. Director of Revenue v. White,* 796 S.W.2d 629, 630 n. 1 (Mo. banc 1990).

Appellants' statement of facts is argumentative and fails to give a fair and concise statement of the facts relevant to determination of the questions presented as required by Rule 84.04(c). Appellants present only the evidence which allegedly supports their position in their statement of facts and further make legal argument in their statement of facts. Furthermore, appellants' statement of facts fails to give specific page references as required under Rule 84.04(h).

The following excerpt from appellants' "statement of facts" demonstrates the lack of compliance with Rule 84.04.[2]

> The evidence clearly shows that the small, triangular tract of land involved in this dispute, was practically worthless since its location was in a creek bottom, and was generally too wet for any kind of row crop production or use. [This sentence is argumentative and without reference to the record.] Because of the worthlessness of the small, triangular tract, no issue of dispute arose between the date of acquisition by Appellants and the month of August, 1991, when Respondents started encroaching upon Appellants' property by moving the fence line and pushing the road boundaries to the West. [This sentence is argumentative as to value of the land, a matter disputed under the evidence, and without reference to the record.] When the survey was completed by a licensed surveyor, in accordance with the legal boundaries shown on the Contract, dated April 1, 1964, Appellants placed "No Trespassing" signs on the property and ordered Respondents to vacate the small tract, and thereafter, the legal action involved herein, was filed (TR 271–277). [This reference to the transcript does not support the "facts" stated in the preceding sentence or paragraph.]
>
> This is strictly an action designed to ascertain and establish the legal bound-ary between the properties owned by Appellants and Respondents (LF 1–63). [This is a legal argument and general reference to the record.]

The argument portion of appellants' brief makes either general reference to the record or no reference as demonstrated by the following excerpts:

> The Deed was filed by John W. Newhart on April 30, 1964, and neither Appellants nor their examining attorney were made aware of the addition to the description (TR 64–92 and TR 260–287). [This is a general reference to the transcript rather than a specific reference]
>
> Due to the location of the approximately One-half acre of land, as shown in the survey marked Defendants' Exhibit 26 in the Legal File, as well as its non-productive capabilities, Appellants never made any issue of the fact that after Respondents became the legal owners of the tract, lying to the East of the 20 acres belonging to Appellants, on or about July 1, 1975, Respondents made some use of the tract of land, which use was totally consensual as far as Appellants were concerned, until 1991, in the month of August (TR 260–288). [This is a general reference to the transcript rather than a specific reference] The testimony of Appellants, as shown in the Transcript, clearly indicates that sometime around the month of August, 1991, there was apparently some action by Respondents pertaining to moving the temporary electrical fence, which Respondents had placed along the Southeast side of the public road to the Northwest, which action prompted Appellants to have a survey made, showing the exact location of the legal boundary between the properties owned by Appellants and Respondents. [Appellants make no reference to the transcript to support this argument] When Appellants removed the temporary electrical fence and placed "No Trespassing" signs on the small tract of land, Respondents filed their lawsuit, copy of

---

**2.** This court's analysis of the deficiencies in the following excerpts of appellants' brief are high-lighted and set out in brackets.

which is contained in the Legal File, and sought an injunction, barring Appellants from entering upon the small tract of land which they had purchased from Elvira Moran, as shown in Defendants'–Appellants Exhibit 20 in the Legal File. [Appellants make no reference to the transcript to support this argument]

The Court's Order completely ignored the evidence and the law pertaining to matters involved in this case (TR 1–159), [This is a general reference to the transcript rather than a specific reference]

Furthermore, the only arguable reference of any authority in the argument portion of appellants' brief is reflected therein as follows:

[T]he action that was filed was improper, in that it was filed as a Quiet Title Suit and should have been filed as an Ejectment Action, according to Missouri Law (AB 7–Points Relied On).

The reference "AB 7–Points Relied On" is taken to refer to the seven cases listed after appellants' single point in the Points Relied On portion of their brief. Two of said seven cases are mis-cited and none of appellants' citations comply with the accepted rules. All of appellants' case citations are incomplete in that they lack reference to the state, court, and date of the case. Furthermore, appellants attempt no analysis on any of said cases. Appellants make no effort to specify the legal principle in any of said cases upon which they rely nor do they provide pinpoint citations referencing any page within a case.

Appellants' brief demonstrates a lack of a good faith and professional effort to fairly present a meritorious position on appeal. Nonetheless, respondents have been subjected to the expense and delay of responding to this appeal. The failure of the appellants to present a justiciable question and to exhibit a professional effort to comply with the Rules of Civil Procedure bespeak of bad faith and cause us to find this appeal frivolous.

We assess damages at $2,000 and remand this cause with directions for the trial court to enter an additional judgment in favor of the respondents in the total amount of $2,000. Since a consideration in determining this appeal to be frivolous was the lack of professional effort by counsel for appellants, we direct that the judgment on account of frivolous appeal be against appellants and their counsel herein in the amount of $1,000 against each as their separate and individual liability. In all other respects, the judgment of the trial court is affirmed.

All concur.

APPENDIX A

Vanschoiack property

20.20 acres

Adkins property

← disputed property

County road →

↖ point of beginning of
Southeast corner
Southwest quarter
Section 32 - 60 - 35