**Julia Mae JONES, Appellant,**

v.

**Ernest Leroy GOOCH, Respondent.**

No. 25280.

Kansas City Court of Appeals,
Missouri.

April 8, 1970.

Arthur J. Kase, of Rubins, Kase & Rubins, Kansas City, for appellant.

Thomas A. Sweeny, of Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for respondent.

HOWARD, Judge.

This is a suit for personal injuries growing out of an intersection collision wherein the respondent counterclaimed for property damage to his automobile in the amount of $200.00. A jury trial resulted in verdict and judgment against the appellant-plaintiff on her claim for damages and against the respondent on his counterclaim. We shall refer to the parties as they appeared below.

Only the plaintiff, Julia Mae Jones, has appealed from this dogfall and she asserts only one point in her brief in this court. This is that the court erred in permitting defendant's counsel, over plaintiff's objection, to argue contributory negligence as to plaintiff's cause of action when such cause was submitted under the humanitarian doctrine. In disposing of this contention, a detailed statement of facts is not required. Plaintiff was proceeding north through an intersection with an east-west street having a divided roadway. The collision occurred in the northern or westbound lanes of the east-west street. Defendant admitted that he could see the intersection from a block or more away but there was some evidence of a car ahead of and to the left of defendant interfering with his observation of plaintiff's car. Plaintiff submitted on the humanitarian doctrine in failure to slacken speed or swerve. This was conversed by an instruction directing a verdict for defendant on plaintiff's cause of action if the jury found that at the time defendant could first have known of plaintiff's position of imminent peril, he did not have enough time to avoid the accident.

Defendant's counterclaim for property damage was submitted on plaintiff's primary negligence in failing to yield the right of way at the intersection and plain-

tiff instructed in defense of the counterclaim on defendant's contributory negligence in failure to keep a careful lookout.

Under these circumstances, it is apparent that there were two distinct issues in the case. One issue was plaintiff's cause of action submitted on the humanitarian doctrine. As to this issue, plaintiff's (contributory) negligence was no defense and was not properly for consideration of the jury. Consequently, any argument on this phase of the case concerning plaintiff's (contributory) negligence would be improper and might well be erroneous and prejudicially so. See Taylor v. Metropolitan St. Ry. Co., 256 Mo. 191, 165 S.W. 327; Collins v. Cowger, Mo., 283 S.W.2d 554; Moss v. Mindlin's, Incorporated, Mo., 301 S.W.2d 761; Fisher v. Williams, Mo., 327 S.W.2d 256; and Schrum v. Ciscell, Mo. App., 403 S.W.2d 657.

■ ■ As to defendant's counterclaim for property damage, it was properly submitted on plaintiff's primary negligence in failure to yield the right of way. Thus, we have two separate and distinct causes of action submitted to the jury in the same case with different issues and different legal principles involved. Under these circumstances, it was the obligation and duty of the attorneys in their closing argument to distinguish between the issues about which they were commenting when their comments were appropriate to one issue and not appropriate to the other. In arguing as to plaintiff's humanitarian submission, the question of plaintiff's negligence was not material. Plaintiff's right to recover under this humanitarian submission was the same whether or not plaintiff was negligent. In contrast thereto, as to defendant's counterclaim for property damage, defendant could recover only if the jury found that plaintiff was negligent and that defendant was not contributorily negligent.

Counsel for both parties jumped from one issue to the other in their arguments and it is difficult to determine at all times and with certainty which issue they were discussing. Counsel for plaintiff opened his argument by paraphrasing the preface to the humanitarian instruction "Your verdict must be for the plaintiff, whether or not plaintiff was negligent if you believe certain facts." He then referred to the contributory negligence instruction as to defendant's counterclaim and paraphrased it as "Your verdict must be for the plaintiff on defendant's counterclaim for damages whether or not plaintiff was negligent if you believe certain facts." He then stated as to the case in general "In finding fault we are not concerned about whether or not the plaintiff was in any way negligent. The only question before you is: Was the defendant negligent?" Defense counsel then objected on the basis that plaintiff's negligence is "certainly an issue in this lawsuit." The court responded "Yes. I think both." Plaintiff's counsel then devoted the remainder of his opening argument to the humanitarian submission and the issue of damages.

Defense counsel in commenting upon the evidence showing negligence on the part of the plaintiff did not always make it clear whether he was referring to plaintiff's humanitarian submission or to the issue as to plaintiff's liability for defendant's property damage under the counterclaim. However, and this clearly refers to the humanitarian submission, defense counsel did state: "Their whole case, what is known as the humanitarian submission, they emphasize and emphasize that she is entitled to win whether or not she failed to yield the right of way. They all but admit finally that it was her fault for pulling out in the first place—". Counsel was interrupted by objection: "Your Honor, the submission of humanitarian negligence is not an admission of contributory negligence, and I ask the Court to instruct the jury to that effect." The court responded: "The objection is overruled." Defense counsel continued arguing on the humanitarian submission and concluded as follows: "What did she do? Not one thing under the evidence to avoid this collision. She

didn't slow down, she didn't speed up, she didn't swerve, she never sounded her horn, not one thing, and yet she says, 'I want to recover against you because I got myself in a position of peril through my own negligence by running this stop sign or failing to yield the right of way. I got myself out there through my own negligence, in a position of peril, and you didn't do anything about it after that.' I ask you when you go to your jury room to figure out what she did. She got herself in a position of peril and after she got out there, she didn't do anything then. If she would have been looking, this accident would never have happened." In response to an objection based upon the impropriety of arguing contributory negligence against a humanitarian submission, the court stated: "In these humanitarian cases I think you can argue almost anything."

After arguing other issues in the case, counsel for defendant in referring to the counterclaim said " * * * and if she was negligent in failing to yield the right of way, my client is entitled to recover on his counterclaim, unless you also say he was careless in some way." This, of course, is unquestionably proper argument. Counsel then referred to the evidence as to the depreciated value of defendant's vehicle and stated "I ask you to return a verdict on the counterclaim for him [defendant] in that amount and to deny her claim because she herself got herself into that position of eminent peril through her own negligence." The last part of this argument clearly refers to plaintiff's humanitarian submission. This was the conclusion of defendant's argument.

It is thus apparent that defense counsel carefully and deliberately argued to the jury that they should find against the plaintiff on her humanitarian submission as given by the court in its instructions, because plaintiff was contributorily negligent. The court permitted such argument and by its rulings the jury could have concluded that such argument was proper. Such rulings were erroneous and from a careful study of this record as a whole, we can only conclude that such erroneous and improper argument was in direct contradiction to the instructions of the court and was materially prejudicial to the rights of the plaintiff.

Defendant argues that we should not reverse because of such error, by emphasizing that the trial court has broad discretion in matters of improper argument and that the exercise of such discretion should not be disturbed unless it clearly appears that the trial court is guilty of an abuse thereof. We recognize the validity of these principles but do not believe that they are applicable to the present case. This is not a question of whether or not the inferences argued for by defendant could properly be drawn from the evidence in the case; neither is it a question of epithet, invective, sarcasm or denunciation. Rather, it is a question of whether or not the argument of contributory negligence (otherwise proper) can legally be permitted in attempting to defeat a cause of action submitted on the humanitarian doctrine. We conclude that it cannot be and under the circumstances here presented, we are dealing with a question of law, not a question of fact, and consequently, there is no room for the exercise of discretion by the trial judge. Under long established legal principles, the trial judge was required to prohibit such argument as he permitted defense counsel to make.

For such error, the judgment below is reversed and the cause is remanded for new trial on plaintiff's cause of action. Since defendant did not appeal from the verdict and judgment against him on his counterclaim, that judgment has become final and such counterclaim will not be an issue on the retrial.

All concur.