James V. WHITE, Plaintiff-Appellant,

v.

O. E. GALLION, Defendant-Respondent.

No. 36200.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 12, 1975.

Motion for Rehearing or Transfer En Banc Denied Jan. 23, 1976.

Application to Transfer Denied April 14, 1976.

Murray A. Marks, Clayton, William R. Kirby, St. Louis, for plaintiff-appellant.

Armstrong, Teasdale, Kramer & Vaughn, Frank N. Gundlach, St. Louis, for defendant-respondent.

RENDLEN, Judge.

Plaintiff appeals from an adverse judgment on his claim for personal injuries incurred as a pedestrian when struck by defendant's automobile in the City of St. Louis. The petition charged primary and humanitarian negligence but plaintiff submitted his cause on humanitarian negligence only.

On appeal plaintiff contends the trial court erred in the following respects: (1) by permitting defendant to read in evidence immaterial and irrelevant portions of plaintiff's hospital record; (2) by allowing improper argument in which defense counsel misstated the law concerning defendant's duty to maintain a lookout and by such argument erroneously instructed the jury on the charge of humanitarian negligence; and (3) in permitting prejudicial, immaterial and irrelevant argument pertaining to plaintiff's drinking on the day of the accident which improperly injected plaintiff's antecedent negligence in the humanitarian claim against defendant.

A brief statement of the facts will suffice. While crossing Newstead Avenue, a north-south street, at its intersection with Lexington Avenue in the City of St. Louis, plaintiff was struck by defendant's southbound automobile. Plaintiff testified he

stood on the northeast corner, looked in both directions for traffic, and seeing none, attempted to cross to the west. When crossing, he was struck by defendant's car which came upon him from the north without warning. Disputing that account, defendant testified plaintiff "darted" from behind stationary traffic in the opposite lane and passing in front of defendant's automobile, slipped backwards, struck the side of the car, rolled across the hood and fell to the street.

As previously stated, plaintiff alleged both primary and humanitarian negligence, submitting however only on the latter. Mindful of this, we first consider appellant's second contention stemming from the following exchange during defendant's final argument:

"MR. GUNDLACH (defense counsel): When I was impaneling the jury, I asked you if you would carefully follow the evidence and the instructions of the Court and would not let anything else enter into your decision, not sympathy for one side or the other. *If you listened carefully to the instructions, there was no charge of Mr. Gallion (defendant) failing to keep a careful lookout* or driving too fast. (Emphasis added).

MR. KIRBY (plaintiff's counsel): I object to that, Your Honor. There is a charge of failure to keep a careful lookout.

MR. GUNDLACH: Do you have the instructions?

MR. KIRBY: Here they are; paragraphs 2 and 3 (Instruction No. 2 is the Humanitarian Instruction in question).

MR. GUNDLACH: There is nowhere in this instruction—you can take the instructions with you to the jury room. *It doesn't charge the defendant with negligence and failure to keep a careful lookout,* paragraph 2. (Emphasis added).

MR. KIRBY: I want to object to that, Your Honor. That's the MAI instruction that says he knew or could have known, and that's lookout.

MR. GUNDLACH: That's your interpretation of 'lookout,' Mr. Kirby.

THE COURT: The court will overrule the objection. The jury will have the instructions.

MR. GUNDLACH: The word 'lookout' is not used in here. He is charged with being Superman; that's what he is asking Mr. Gallion to be, a Superman. How in the world you can see through cars and around streets is beyond me."

The instruction in question, number two, (combined MAI 17.14 and 11.03 modified) reads in pertinent part as follows:

' "Your verdict must be for plaintiff whether or not plaintiff was negligent if you believe:

\*   \*   \*   \*   \*   \*

' "Second, defendant knew or by using the highest degree of care *could have known* of such position of immediate danger, and

' "Third, at the moment when defendant first knew or *could have known* of such position of immediate danger, defendant still had enough time so that by using the means available to him and with reasonable safety to himself and all others and by using the highest degree of care he could have avoided injury to the plaintiff by slackening his speed, \* \* \*. (Emphasis supplied)." '

Plaintiff argues that defendant's duty of lookout was correctly and implicitly included in Instruction No. 2. That defendant's contrary oral assertion (made in final argument) was misleading and confusing, constituting an impermissible misstatement of the law and misdirection of the jury. We agree with plaintiff's contention.

■ The operator of a motor vehicle, as defendant here, in a pedestrian-humanitarian case is under a duty to maintain a lookout ahead and laterally for users of the highway. *Williams v. Rickleman,* 292 S.W.2d 276, 281[6] (Mo.1956). There is little doubt the humanitarian rule requires defendant to keep a lookout for discoverable

peril as in the case at bar. *Melton v. St. Louis Public Service Company,* 363 Mo. 474, 251 S.W.2d 663, 668[7] (en banc 1952). Plaintiff's position of discoverable peril is characterized as "position of immediate danger" in the instruction. See MAI 17.14. Defendant's counsel ignoring the clear requirement of the law deliberately argued, in effect, that since the word "lookout" was not used in the instruction that the instruction "doesn't charge defendant with negligence and failure to keep a careful lookout." This led to the prompt objection of plaintiff's counsel pointing out the language of the instruction "could have known" expresses the legal duty of "lookout." In response defense counsel stated "that's your interpretation of lookout, Mr. Kirby." The court improperly overruled plaintiff's objection and defense counsel, pressing the advantage provided by the ruling, again referred to the instruction and told the jury "the word 'lookout' is not used in here" strongly implying the instruction imposed no such duty on defendant. Defendant's argument is tantamount to saying, if the law required lookout the court's instruction would have said so. Such argument conflicted with the court's written instruction and substantially prejudiced the rights of plaintiff. MAI 17.14, Notes on Use-No. 3, p. 156, equates the phrase "could have known" with "lookout" and states it should be used when there is a duty to keep a lookout. As previously noted, under the circumstances here lookout is a duty Missouri law imposes on drivers using the public roads. *Sipes v. Trimble,* 506 S.W.2d 353, 355[1] (Mo.1974); *Panky v. Claywell,* 417 S.W.2d 9, 12[8] (Mo.App.1967).

■ Misstatements of the law are impermissible in final argument and should be promptly corrected by the court. This proposition is well-stated in *Carrel v. Wilkerson,* 507 S.W.2d 82, 86[5] (Mo.App.1974):

"While a trial court because of its coign of vantage of the proceedings and their affect on the jury, has a large discretion in permitting, restraining and purging final argument . . ., *there is no*

*room for the exercise of judicial discretion on an issue of law."* (Emphasis added).

See also *Jones v. Gooch,* 453 S.W.2d 653, 655[2] (Mo.App.1970); *Penn v. Hartman,* 525 S.W.2d 773, 776 (Mo.App.1975).

This is not a question of quarrelsome epithet, invective or sarcasm, nor of argued inference or misstated fact, rather it's an instance of misstated law, affording no leeway for the exercise of judicial discretion. Under long established principle, the trial judge was required, yet did not, prohibit or correct the improper argument.

Defendant would minimize the statement's effect, and in his brief argues that any confusion created by the statement "was clarified when counsel for plaintiff objected on the grounds that the phrase 'could have known' in the instruction implies, 'lookout.'" This curious contention ignores the fact the trial court's ruling placed its imprimatur on the statement, effectively telling the jury, plaintiff's objection was not well-taken. Defendant's pious argument is quite different from defense counsel's retort made to plaintiff's counsel, (who had just objected to the misstatement) "that's your interpretation of lookout, Mr. Kirby"; or his earlier statement when referring to the instruction "[T]here is no charge to keep a careful lookout"; or his original statement made before objection "if you listen carefully to the instruction, there was no charge of Mr. Gallion, failing to keep a careful lookout . . ."; and when he considered the instruction in the jury's presence pointing out "it (referring to the Instruction No. 2) doesn't charge the defendant with . . . failure to keep a careful lookout." For these improper statements in final argument, the judgment is reversed.

Appellant's other points concern admissibility of certain evidence and related portions of defendant's closing arguments. Though perhaps meritorious, their resolution is not required for disposition of the

case and as we cannot determine what evidence will be offered or arguments made on retrial, we do not rule the points.

The judgment is reversed and cause remanded for new trial.

WEIER, P. J. and DOWD, J., concur.