John N. FOX and Georganne Fox,
Plaintiffs/Respondents,

v.

Eugene W. FERGUSON and Patricia J.
Ferguson, Defendants/Appellants.

No. 54642.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 14, 1989.

Steinberg, Crotzer & Garland, Charles L. Ford, St. Louis, for defendants/appellants.

Coburn, Croft & Putzel, John R. Boyce, Mark A. Stites, Phillip Morse, St. Louis, for plaintiffs/respondents.

KAROHL, Judge.

On December 1, 1983, the Fergusons sold their residence, located in Poplar Bluff, Missouri, to John and Georganne Fox. Sometime in April or May, 1984, the shake shingle roof began to leak badly throughout the house. The Foxes sued the Fergusons on the theory defendants fraudulently misrepresented the sound condition of the roof. The primary defense offered by the Fergusons was that the Foxes did not rely on any representations regarding the roof because the plaintiffs hired an engineer who examined the roof and issued a report to the Foxes before closing the sale. Plaintiffs' engineer reported the roof was sound. The jury found for defendants Ferguson. Plaintiffs Fox filed a motion for new trial alleging eight grounds of error. The trial court sustained plaintiffs' motion for new trial solely on the ground that it erred in overruling plaintiffs' objection to defendants' closing argument that plaintiffs had lost their right to say they relied on any statements of the Fergusons because they hired the engineer. The issue on defendants' appeal is whether the court erred in sustaining the motion for new trial.

The Foxes, as buyers and plaintiffs, filed a cross appeal. They claim that if they were not entitled to a new trial on the specific ground adopted by the trial court, then they were entitled to a new trial on other grounds alleged in their motion for new trial. Because it is presumed the trial court denied the motion on grounds not mentioned, plaintiffs are entitled to justify the granting of a new trial on other grounds. *Benscoter v. Williams*, 600 S.W. 2d 217, 221 (Mo.App.1980).

■ We find the court properly granted a new trial on the specified ground that the court erred in overruling an objection to closing argument of defendants because the argument constituted a misstatement of law. The issue involves a legal question and not a question of fact. Accordingly, we review the award of a new trial on a question of law, not on a question of fact, and the decision does not depend upon a matter of trial court discretion. The grant of a new trial is discretionary only on questions of fact and matters affecting the determination of issues of fact. "There is no discretion in the law of a case, nor can there be an exercise of sound discretion as to the law of a case." *State ex rel. State Highway Commission v. Nickerson & Nickerson, Inc.*, 494 S.W.2d 344, 346 (Mo. 1973).

■ The law of Missouri recognizes nine elements of fraud, two of which relate to reliance. The hearer must have a right to rely and rely on the representation being true. *Sofka v. Thal*, 662 S.W.2d 502, 506 (Mo. banc 1983). The Fergusons denied any misrepresentations. However, they tried the case on the theory that the Foxes did not rely on any representations regarding the roof, but rather relied on an engineers report. The Foxes hired an engineer, received a report from the engineer approving the roof, waived inspection provisions contained in the real estate sale contract and closed on the sale contract. In that regard they argued to the jury:

You gotta find for the defendants on that, more importantly if you move on down the road when they hired the engineer they lose their right to say we relied on what these folks told us or didn't tell us.

Plaintiffs immediately objected on the ground that the argument was a misstatement of the law. The court overruled the objection. This argument was the last substantive statement in defendants' closing argument.

■ The trial court is required to prohibit or promptly correct misstatements of the law which occur in closing argument. *White v. Gallion*, 532 S.W.2d 769, 771 (Mo. App.1975). Where a misstatement is contrary to the law as submitted in the court's instructions, and the court permits the misstatement by overruling an objection to it, "reversible error is almost inevitable." *Halford v. Yandell*, 558 S.W.2d 400, 412 (Mo.App.1977). Both parties recognize these rules of law. The Fergusons contend that even if the argument misstates the law no prejudice resulted and this case should be considered as an exception allowed by the language "almost (but not always) inevitable." We reject this claim of exception because the argument "they lose their right to say we relied" is an argument of law and a misstatement of law. The Foxes, plaintiffs, were entitled to rely on both the representations of the Fergusons regarding a sound roof and the report of the engineer they hired.

■ An independent investigation does not remove the legal right to rely on prior misrepresentations where the parties do not stand on an equal footing. *See, Iota Management Corp. v. Boulevard Investment Co.*, 731 S.W.2d 399, 413–14 (Mo.App. 1987). The prerequisite for the right to continue to rely on the representations made before an independent investigation depends upon distinct and specific representations. *Id.* at 413. The hearer is entitled to rely on specific representations even if the parties have equal *means of knowledge* or the hearer conducts his own investigation but nevertheless does not stand on equal footing with the speaker and relies on the speaker's representations. *Id.* at 413–14. " '[T]he doctrine of notice and means of knowledge has no application where distinct and positive representations of fact have been made, have been relied upon and have induced action.' " *Tietjens v. General Motors Corp.*, 418 S.W.2d 75, 82 (Mo.1967), (quoting *Cantley v. Plattner*, 228 Mo.App. 411, 67 S.W.2d 125, 130–31 (Mo.App.1934)).

In the present case, the Fergusons have not contested factual support for a finding of specific representations of the condition of the roof. They denied making the representations but the Foxes so testified. Further, the point on appeal is presented only as a question of law, and does not dispute the requisite evidentiary facts to support a determination that when plaintiffs hired an engineer, they did not lose their right to also rely on specific representations about a condition known to the sellers and not discoverable by the engineer.

■ The Fergusons reliance on *Consumers Cooperative Association v. McMahan*, 393 S.W.2d 552 (Mo.1965) is misplaced. The court there said:

Where the parties are on equal footing and the means of knowledge is equally available to both parties, a misrepresentation or erroneous statement of fact is not actionable. Furthermore, where a party makes his own independent investigation, he will be presumed to have been guided by what he learned and the conclusions he reached and will not be permitted to say that he relied on misrepresentations of another and that he was deceived thereby.

*Id.* at 556. (Citations omitted).

As a question of fact the Fergusons, as sellers, and the Foxes, as purchasers, were not on an equal footing. Under the evidence, disputed at trial but not here disputed, the Fergusons had actual knowledge of a generally leaking roof and damage resulting from the leaks. The evidence also would support a finding that they affirmatively hid that knowledge. The Foxes testified the Fergusons represented a sound roof, except as to a skylight problem not material to the present issues. The

evidence further supported a finding that the leak condition was not easily found by observation because the wooden shingles were installed without a proper felt lining between the shingles. On these facts, an examination by an engineer chosen by the Foxes would not likely discover defects which were obvious only by the result of rain coming through the roof throughout the house.

The closing argument of the Fergusons was a statement of law regarding the Foxes' legal right to rely on representations. It was a misstatement of the law because the facts did not support a legal conclusion of equal footing or a patent, discoverable defect or, actual knowledge of the defect.

■ Defendants' second argument contends, in the alternative, that no prejudice resulted from the argument. In support of this contention, the Fergusons claim that in other portions of the closing argument they alluded to the same subject matter and no objection was lodged. In summary, the other references were: (1) the jury would know from the fact of hiring an engineer that the Foxes did not rely on representations; (2) plaintiffs hired the engineer because they did not want to take anyone's word on the condition of the home; (3) the engineer was an expert who was paid to inspect and report, hence, no reliance; and, (4) the participation by the engineer won't "go away or disappear," hence, plaintiffs cannot tell you they relied on representations. Although these arguments refer to the element of reliance, they were proper arguments which were not in the form of a statement of law. Each was an argument of evidence relating to the disputed issue of fact that plaintiffs did not rely on any representation. It does not follow that these arguments justified the misstatement of law to which an objection was timely lodged so as to support the contention the last statement was no different than the earlier statements, hence no prejudice. The former statements argued in opposition to a factual matter submitted in plaintiffs' verdict directing instruction, reliance. The trial court found the "no right to rely" argument to be an argument misstating

the law. The ruling was correct. For that reason we do not consider plaintiffs' appeal.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.