51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Francis TAGHERT, Appellant,
v.
CLARK REFINING & MARKETING, INC.; Paul D. Melnuk, President
and Chief Executive Officer, Appellees.
 No. 94-3886EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 15, 1995.
Filed: Mar. 29, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this diversity case governed by Missouri law, Francis Taghert appeals the district court's dismissal of his complaint for failure to state a claim. Taghert contends the district court failed to construe his pro se complaint liberally, and erroneously concluded Taghert could prove no set of facts to support his misrepresentation claims against Clark Refining & Marketing, Inc. (Clark) and Clark's president, Paul Melnuk. We disagree and affirm the district court.
 
 
 2
 To state a claim for intentional or negligent misrepresentation under Missouri law, Taghert must assert Clark made a false representation to him. See Colgan v. Washington Realty Co., 879 S.W.2d 686, 689 (Mo. Ct. App. 1994). Even construed liberally, Taghert's complaint does not assert anyone at Clark made a false representation. Taghert's complaint states Taghert met with Melnuk and other Clark officials to propose setting up a joint venture between Clark and the Kuwaiti government. Melnuk told Taghert he would "reserve judgment" on the proposal and would not appoint a task force to study the proposal unless Taghert obtained assurances that the Kuwaiti government was serious about negotiating a joint venture with Clark. After Taghert obtained assurances from the Kuwaitis, Melnuk informed Taghert that Clark was not interested in pursuing a joint venture. Clark's decision not to pursue Taghert's proposal is not inconsistent with Melnuk's earlier statements, because Melnuk never promised to appoint a task force or take other steps to negotiate a joint venture with Kuwait. Because Taghert's complaint does not assert that Melnuk or any other representative of Clark made a false representation to Taghert, the district court properly dismissed Taghert's complaint for failure to state a claim. See Schafer v. Moore, No. 92-3555, 1995 WL 29440, at * 2 (8th Cir. Jan. 27, 1995) (court may dismiss complaint if court clearly could not grant relief under any set of facts that plaintiff could prove consistent with assertions in complaint).
 
 
 3
 Accordingly, we affirm the district court's dismissal of Taghert's complaint.