HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff/Cross–Respondent,

v.

CONTICO INTERNATIONAL, INC., Defendant/Third–Party Plaintiff/Appellant,

v.

ALEXANDER AND ALEXANDER, INC., Respondent/Cross–Appellant.

No. 66305.

Missouri Court of Appeals, Eastern District, Division Four.

April 25, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1995.

Application to Transfer Denied July 25, 1995.

Thomas J. DeGroot, Husch & Eppenberger, St. Louis, for appellant.

Joseph H. Mueller, Robyn G. Fox, Moser & Marsalek, P.C., St. Louis, for Alexander & Alexander.

Donald A. Horowitz, Vincent D. Vogler & Assoc., St. Louis, for Hartford Accident.

AHRENS, Presiding Judge.

This is an appeal by the third-party plaintiff Contico International, Inc. ("Contico") from a summary judgment granted in favor of third-party defendant Alexander & Alexander, Inc. ("A & A"). A & A cross-appeals a summary judgment granted in favor of Hartford Accident and Indemnity Company ("Hartford") on A & A's indemnity cross-claim. We reverse and remand.

The following facts were stipulated to by the parties. Defendant/Third–Party plaintiff Contico is a manufacturing concern with facilities in Missouri, California, and Texas, with approximately 2,000 employees. In 1986, Contico was unable to purchase a workers' compensation insurance policy on the voluntary market. Contico purchased a policy through Missouri's assigned risk pool. Hartford was assigned to write Contico's policy.

Hartford issued the policy for the March 1986–87 policy period with no experience mo-

difier endorsement[1] attached. Hartford issued policies to Contico for subsequent policy periods March 1987–88 and March 1988–89. None of the additional policies contained experience modifier endorsements.

During the 1986–87 policy period, A & A became the producer of record for Contico. In November, 1988, Hartford notified Contico that an experience modifier endorsement for the March 1988–89 policy would be applied resulting in an additional premium of $272,000.00

Hartford filed suit against Contico after Contico refused to pay the additional premium. Contico then filed a third-party action against A & A alleging A & A represented to Contico that an experience modifier was inapplicable to the March 1988–89 policy. A & A denied they made the representation to Contico.

Contico and Hartford settled Hartford's claim for $98,500.00. A & A filed a crossclaim for indemnity against Hartford. Summary judgment was granted in favor of A & A on Contico's third-party claim and in favor of Hartford on A & A's cross-claim. This appeal follows.

In this appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts which are set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* Since the propriety of summary judgment is purely an issue of law, we need not defer to the trial court's order granting summary judgment. *Id.*

■ Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*; Rule 74.04. In order to make a prima facie showing that summary judgment is proper, a defending party may (1) present facts that negate any element of plaintiff's cause of action, (2) show that the non-movant has not or cannot produce evidence of the existence of any of those elements, or (3) show that there is no genuine issue of fact necessary to support movant's affirmative defenses. *ITT Commercial Finance*, 854 S.W.2d at 381. "[W]here the trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, summary judgment is not proper." *Id.* at 378.

Contico employees filed $746,699.00 in workers' compensation claims from March 1988 to November 1988. As a result, A & A contends Contico suffered no damages. Contico alleges the trial court erred in considering evidence of its actual workers' compensation experience between March, 1988 and November, 1988. We agree.

■ The necessary elements of a cause of action for negligent misrepresentation are: (1) that speaker supplied information in the course of his business or because of some other pecuniary interest; (2) that, due to speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) that speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) that listener justifiably relied on the information; and (5) that as a result of listener's reliance on the statement, he/she suffered a pecuniary loss. *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 689 (Mo. App.1994). It is this fifth element that A & A contests.

■ This court has stated that the proper measure of damages in a case of negligent misrepresentation is arrived at by using the "pecuniary loss rule." *Frame v. Boatmen's Bank of Concord Vill.*, 824 S.W.2d 491, 496–97 (Mo.App.1992). The rule, as stated in the

---

1. An experience modifier endorsement allows the premiums charged for a policy to be modified based on the insured's claim or loss experience.

Restatement (Second) of Torts Section 552B, (1977), entitled "Damages for Negligent Misrepresentation," provides:

(1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including

(a) the difference between the value of what he has received in the transaction and its purchase price or other value for it; and

(b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

(2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

Contico alleged it renewed its workers' compensation policy in reliance upon A & A's representation that the policy would contain no experience modifier endorsement. A & A denies this representation was made. However, we will review this summary judgment motion as if it were for the simple reason that if the parties disagree as to whether the representation was made then clearly a material issue of fact exists and summary judgment is improper. A & A's position, however, is that even if the representation were made, it is not liable as a matter of law. Thus, we must decide whether summary judgment was proper as a matter of law, assuming such representation was made.

Contico's actual claims under workers' compensation are not relevant to the measure of its alleged damages for purposes of summary judgment. Such claims may be relevant to determine Contico's pecuniary loss due to Contico's reliance on the misrepresentation but such a determination is speculative. Contico argues that had it known an experience modifier endorsement would be attached to the policy, it would have taken measures to reduce claims and then opted to self-insure. Additionally, the Restatement allows Contico, assuming it prevails, to recover the difference between the total purchase price, i.e. the initial premium plus Contico's liability to Hartford for the additional premium due to the experience modifier endorse-

ment, and the value of the policy (with the experience modifier endorsement attached). The value of the policy is not one of the stipulated summary judgment facts. As such, a genuine issue of material fact exists as to damages. Summary judgment was therefore improper as a matter of law. Point granted.

■ We must now consider the summary judgment granted in favor of Hartford on A & A's indemnity cross-claim.

A & A contends the trial court erred in granting summary judgment in favor of Hartford because a material issue of fact existed as to whether A & A was acting as Hartford's agent and therefore entitled to indemnification pursuant to an agency agreement between A & A and Hartford. We agree.

An indemnification clause in a document titled "Agency Agreement" executed between A & A and Hartford states:

The Company will defend and indemnify the Agent against liability, including cost of defense and settlements imposed on him by law for damages sustained by policyholders and caused by acts or omissions of the Company, provided the Agent has not caused or contributed to such liability by his own acts or omissions. The Agent agrees, as a condition to such indemnification, to notify the company promptly of any claim or suit against him and to allow the Company to make such investigation, settlement or defendant thereof as the Company deems prudent.

Hartford argues this agreement does not apply to the workers' compensation policy in question because A & A was an insurance broker and insurance brokers are *generally* the agent of the insured not the insurer. *See Schimmel Fur Co. v. American Indemnity Co.*, 440 S.W.2d 932, 938 (Mo.1969). This question, however, depends on the facts of the particular case. *Id.* Here, the agency agreement between A & A and Hartford has a commission schedule attached and sets a rate for workers' compensation coverage.

In its motion for summary judgment, Hartford states, by affidavit, that "any insur-

**214**

ance brokers or agents that obtain coverage on behalf of an insured, for workers' compensation policies, does so as an agent for the insured and not for the insurer...." Upon the facts of this case we cannot say that, as a matter of law, A & A was not an agent of Hartford for purposes of procuring workers' compensation coverage for Contico. Hartford failed to make its prima facie showing that summary judgment was proper as a genuine issue of material fact exists as to whether A & A was acting as an agent of Contico or Hartford. Summary judgment in favor of Hartford on A & A's indemnity cross-claim was improper. Point granted.

The judgment of the trial court is reversed and remanded for further proceedings.

SIMON and KAROHL, JJ., concur.