**Jim D. and Teresa REEVES, Appellants,**

v.

**Tommy L. and Cynthia L. KEESLER, Defendants,**

**Lois Williams and Bonnie Maret, et al., Respondents.**

No. WD 50745.

Missouri Court of Appeals, Western District.

Jan. 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1996.

Motion for Rehearing and/or Transfer Denied April 2, 1996.

Application to Transfer Denied May 28, 1996.

**18**

William Nassau Marshall, II, Kansas City, for Appellants.

Joel K. Goldman, Kansas City, for Respondents.

Before FENNER, C.J., P.J., and ULRICH and SMITH, JJ.

FENNER, Chief Judge.

Jim and Teresa Reeves appeal the trial court's grant of summary judgment in favor of Coldwell Banker Residential Real Estate Services (Coldwell Banker), Lois Williams, and Bonnie Maret (Coldwell Banker defendants) in their action for fraudulent misrepresentation and fraudulent concealment. The judgment of the trial court is affirmed.

The Reeves purchased a house in Belton, Missouri, from Tommy and Cynthia Keesler in June 1989. In late October or early November 1989, they began experiencing malfunctions of the septic system and accumulation of water in the ducts during wet weather. The Reeves filed suit against the Keeslers, Coldwell Banker, the Keesler's realty agent, Lois Williams, an independent contractor sales associate with Coldwell Banker, and Bonnie Maret, a manager of Coldwell Banker, for fraudulent misrepresentation and concealment. They alleged that a Seller's Statement of Condition (Statement) signed by the Keeslers and delivered by the Coldwell Banker defendants contained material misrepresentations concerning the condition of the septic system and ducts and that the Keeslers and the Coldwell Banker defendants failed to disclose certain letters from prior prospective purchasers that called into question the truth of the matters asserted in the Statement.

In the Statement, the Keeslers represented that they were not aware of any material defects in the plumbing, sewers, or septics of the property. They also stated that they were unaware of any flooding, drainage, or grading problems or seepage, leakage, or other moisture problems in the basement or other areas of the property. The Reeves claimed that these representations were false and that the Keeslers and the Coldwell Banker defendants knew of the falsity or were ignorant of the truth of the representation.

The Coldwell Banker defendants filed a motion for summary judgment on the ground that they had no actual knowledge of the alleged defects in the septic system and no duty to disclose the refuted allegations of defects by prior prospective purchasers. The trial court granted the Coldwell Banker defendant's motion for summary judgment on both counts, and this appeal follows.

■ Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply*

*Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The record must be reviewed in the light most favorable to the party against whom judgment was entered, and the non-moving party must be accorded the benefit of all reasonable inferences from the record. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the motion for summary judgment. *Id.*

■ Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) that the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

■ Once the movant has established a right to judgment as a matter of law, the nonmovant must show that one or more of the material facts shown by the movant not to be in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rest upon the mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admission on file to demonstrate the existence of a genuine issue for trial. *Id.; Rodgers v. Czamanske,* 862 S.W.2d 453, 457 (Mo.App.1993). A genuine dispute is one which "is real, not merely argumentative, imaginary or frivolous." *ITT,* 854 S.W.2d at 382.

## I. FRAUDULENT MISREPRESENTATION

The Reeves claim that the trial court erred in granting the Coldwell Banker defendants' motion for summary judgment on Count I of their petition alleging fraudulent misrepresentation. They argue that the defendants were not entitled to judgment as a matter of

law because they failed to negate any one of the elements of the cause of action.

■ In a fraud action, the claimant must establish the following elements: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity, or his ignorance of its truth, (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true, (8) his right to rely thereon, and (9) the hearer's consequent and proximately caused injury. *Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo. banc 1983); *Wagner v. Uffman,* 885 S.W.2d 783, 785 (Mo. App.1994).

The facts are undisputed that Paul and Molly Magnuson signed a sales contract for the purchase of the house in March 1989. On April 7, 1989, Mr. Magnuson visited the property and talked with Mr. Keesler about the septic system. In his deposition, Mr. Magnuson testified that Mr. Keesler told him of (1) a need to periodically pump out the overflow to prevent back ups in the plumbing of the house and (2) moisture in the heating and cooling vents that might require pumping and cleaning. On April 10, 1989, Mr. Magnuson informed the Coldwell Banker defendants by letter of the septic system problems he had learned of from Mr. Keesler. Additional correspondence between the Keeslers, the Magnusons, and the Magnusons' attorney concerning the condition of the septic system was also received by the Coldwell Banker defendants.

In response to Mr. Magnuson's letter, Ms. Maret discussed the allegations with Mr. Keesler who denied the existence of the problems. She also encouraged Mr. Magnuson to obtain an independent inspection. He did obtain an inspection, however, he did not share the results with the Coldwell Banker defendants. Eventually, the Magnusons were released from the sales contract, and the Reeves began the process of buying the house. On May 15, 1989, the Coldwell Banker defendants delivered the Keesler's Statement of Condition to the Reeves which repre-

sented that there were no material defects in the septic system.

First, the Coldwell Banker defendants contend that they did not make any representation to the Reeves. Additionally, they argue that the Reeves failed to introduce any evidence that they had actual knowledge of the falsity of the representation in the Statement concerning the condition of the septic system and ducts. They claim that the evidence of the refuted allegations of prior prospective purchasers was insufficient to establish that they had actual knowledge of the falsity of the representation.

In *Colgan v. Washington Realty Co.*, 879 S.W.2d 686 (Mo.App.1994), purchasers of a house brought an action for fraudulent and negligent misrepresentation against the vendor and the vendor's realty agent. *Id.* at 688. The buyers alleged that the sellers and agent either fraudulently or negligently misrepresented to them that there were no leakage problems in the house. *Id.* Summary judgment was entered in favor of the seller and agent, and the buyers appealed. *Id.* The Eastern District held that where the agent never made a specific claim that there were no leakage problems and where there was no evidence that the agent, who merely listed the home for sale, was aware of water leakage, the agent did not fraudulently or negligently misrepresent problems. *Id.* at 691.[1]

In this case, the facts are undisputed that the Coldwell Banker defendants merely delivered the Keesler's Statement of Condition to the buyers. The Reeves did not allege, nor does the record reflect, that the Coldwell Banker defendants made a specific claim that there were no problems with the septic system and ducts. Additionally, no representation can be inferred from the circumstances surrounding the delivery of the statement. The first fraud element, a representation, is not established.

Moreover, the record does not reveal evidence to support the Reeves' allegation that the Coldwell Banker defendants had knowledge of any septic system defects. Mere allegations by prior prospective purchasers regarding the condition of the property, which allegations were refuted by the Keeslers, did not provide the Coldwell Banker defendants with knowledge of the falsity of the Statement or ignorance of its truth under these circumstances.

To hold Coldwell Banker liable for fraudulent misrepresentation under the circumstances presented here would place an affirmative duty on a seller's real estate agent to reveal every allegation, even those refuted by its own client and not otherwise supported, to avoid liability for fraud. Coldwell Banker had no such duty. Without more, allegations of a prior prospective purchaser, refuted by the owners, were insufficient to provide the Coldwell Banker defendants with knowledge of a defective condition of the property. At most, the Coldwell Banker defendants knew that a prior prospective purchaser represented that Mr. Keesler told him that the septic system had problems. However, Mr. Keesler denied making any such statement. The facts presented here do not create a genuine dispute as to whether the Coldwell Banker defendants made a representation to the Reeves or were aware of the defective condition of the septic system. The trial court, therefore, did not err in granting the Coldwell Banker defendant's motion for summary judgment.

## II. FRAUDULENT CONCEALMENT

The Reeves next argue that the trial court erred in granting summary judgment in favor of the Coldwell Banker defendants on Count II, fraudulent concealment. They claim that the defendants were obligated as a

---

1. A cause of action for negligent misrepresentation is not the same as one for fraudulent misrepresentation. To maintain a cause of action for negligent misrepresentation, one must show (1) that speaker supplied information in the course of his business or because of some other pecuniary interest; (2) that, due to speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) that speaker intention-

ally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) that listener justifiably relied on the information and (5) that as a result of listener's reliance on the statement, he/she suffered a pecuniary loss. *Colgan*, 879 S.W.2d at 689 (citations omitted). In the case at bar, appellants did not plead a cause of action for negligent misrepresentation.

matter of law to disclose the existence of the Magnuson letters.

 Silence or nondisclosure of a material fact can be an act of fraud if there exists a duty to disclose. *Andes v. Albano,* 853 S.W.2d 936, 943 (Mo. banc 1993). Concealment of a fact which one has a duty to disclose properly serves as a substitute element for a false representation in the tort of fraudulent misrepresentation. *Triggs v. Risinger,* 772 S.W.2d 381, 382 (Mo.App.1989). The duty to disclose arises either where there is a relation of trust and confidence between the parties or where one party has superior knowledge or information not within the fair and reasonable reach of the other party. *Andes,* 853 S.W.2d at 943.

 As discussed above, an allegation by a prior prospective purchaser, refuted by the owner, does not provide the Coldwell Banker defendants with knowledge of a problem with the septic system and ducts. Absent evidence that the Coldwell Banker defendants were aware of the defective septic system, they cannot be held liable for fraud based on the failure to disclose the problems. *See Mobley v. Copeland,* 828 S.W.2d 717 (Mo. App.1992) (**where no evidence existed that the vendors of a residence were aware that several air vents throughout the residence did not have air ducts leading outside, they could not be held liable for fraud based on the failure to disclose the condition**).

Finally, the Reeves argue that the trial court erred in granting summary judgment in favor of the Coldwell Banker defendants based on their affirmative defenses. The Coldwell Banker defendants, however, moved for summary judgment on the grounds that the Reeves failed to prove the elements in their fraudulent misrepresentation and concealment actions. Affirmative defenses were not considered by the trial court and were not the basis of the court's judgment, therefore, the defenses are not an issue in this appeal.

The judgment of the trial court is affirmed.

All concur.